IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GILBERT LANDALE EMANGER, ) | |
| AIS # 316512, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:21-00517-JB-N |
| ) | |
| JOSEPH H. HEADLEY, ) | |
| *Warden III, et al.* ) | |
|     Respondents. ) | |

## REPORT AND RECOMMENDATION

This is a civil action before the undersigned on Petitioner Gilbert Landale Emanger's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Emanger is an Alabama prisoner proceeding *pro se*. The petition has been referred to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (11/30/2021 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

This case should be transferred to the Middle District of Alabama. Under 28 U.S.C. § 2241(d),

> [w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is

in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Emanger's habeas petition indicates that he is challenging a criminal judgment handed down by the Circuit Court of Houston County, Alabama.[1] At the time Emanger filed his petition (i.e., when he delivered it to prison officials for mailing, under the "prison mailbox" rule), he was in custody at the Alabama Department of Corrections' Ventress Correctional Facility in Barbour County. Both Houston and Barbour Counties are located within the Middle District of Alabama, *see* 28 U.S.C. § 81(b).

Section 2241(d) is a jurisdictional statute. *See Dobard v. Johnson*, 749 F.2d 1503, 1505-07 (11th Cir. 1985); *Parker v. Singletary*, 974 F.2d 1562, 1581 & n.114 (11th Cir. 1992) (per curiam); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978).[2]

> All applications for writs of habeas corpus, including those filed under 28 U.S.C. § 2254 by persons in state custody, are governed by 28

---

[1] This would also indicate that Emanger's § 2241 petition is likely better construed as a § 2254 petition as it challenges the validity of his conviction rather than the execution of his sentence. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008). However, the undersigned need not make that determination because the Southern District of Alabama would still not be the proper venue for his petition.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> U.S.C. § 2241 . . . .Under § 2241(a), federal district courts may grant writs of habeas corpus only 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). For a person who is 'in custody under the judgment and sentence of a [s]tate court' and who wishes to file a § 2254 application, § 2241(d) specifies the 'respective jurisdictions' where such an application may be filed. Under § 2241(d), a person in custody under the judgment of a state court may file his application for a writ of habeas corpus in the federal district (1) 'within which the [s]tate court was held which convicted and sentenced him'; or (2) 'wherein [he] is in custody.' 28 U.S.C. § 2241(d) . . . .

*Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694–95 (11th Cir. 2013) (per curiam) (unpublished). Because this Court is neither "the district court for the district wherein [Emanger] is in custody[,]" or "the district court for the district within which the State court was held which convicted and sentenced him," this Court does not have jurisdiction under § 2241(d) to entertain his habeas petition,[3] nor can it order transfer under § 2241(d) to a district court that does.

However, under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court [such as this one], . . .and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed

---

[3] "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quotations omitted). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

in or noticed for the court from which it is transferred." *See Dobard*, 749 F.2d at 1507 ("If . . . in the instant case the district court had decided that jurisdiction under Sec. 2241(d) was not present in the Northern District, the court could have transferred the case to the Southern District under Sec. 1631."). Upon consideration, the undersigned finds that a transfer of this action under § 1631 to a district court having jurisdiction over the habeas petition is warranted,[4] and that such transfer should be to the District Court for the Middle District of Alabama. As the federal judicial district encompassing the state court that convicted Emanger as well as the correctional facility housing him, the Middle District of Alabama is likely to provide more convenience for any witnesses that may be called in the event Emanger's petition receives a hearing.

Accordingly, the undersigned **RECOMMENDS** that this § 2241 habeas case be **TRANSFERRED** to the United States District Court for the Middle District of Alabama under 28 U.S.C. § 1631.

**DONE** this the 6th day of December 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] In particular, the undersigned finds that a transfer, rather than a dismissal, of the present habeas petition is warranted in order to avoid any additional delay that might prejudice Emanger under the 1-year statute of limitations applicable to habeas petitions. *See* 28 U.S.C. § 2244(d)(1).

4

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.