IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMANGER LANDALE GILBERT, ) <br> # 316512 ) <br> ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOSEPH H. HEADLEY, et al., ) <br> ) <br>    Respondents. ) | Civil Action No. <br> 1:22-cv-09-RAH-CSC <br> (WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court in this 28 U.S.C. § 2254 habeas action is the motion for a preliminary injunction filed on March 2, 2022, by Petitioner Emanger Landale Gilbert. Doc. 25. Gilbert appears to seek a preliminary injunction enjoining several parties, including Alabama Attorney General Steven Marshall, from continuing his incarceration for his 2018 Houston County convictions for second-degree possession of marijuana, chemical endangerment of a child, and two counts of trafficking in cocaine. For the reasons that follow, the undersigned recommends that the motion for a preliminary injunction be denied.

A preliminary injunction may be granted only where the moving party demonstrates each of the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the nonmoving parties; and (4) the

injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the moving party demonstrates each of the four prerequisites. *Id.*; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the motion for a preliminary injunction regardless of the party's ability to establish the other prerequisites. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

Here, Gilbert has not met his burden of showing a substantial likelihood of success on the merits. Respondents filed an answer to Gilbert's § 2254 petition in which they argued that the petition is time-barred under the AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d), and that Gilbert has demonstrated no reason why the statute of limitations should not be applied to his petition. Doc. 19. The Court afforded Gilbert an opportunity to show cause why his petition should not be denied as time-barred (Doc. 20), and Gilbert has not come forward with a response showing cause why the statute of limitations should not apply to his petition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) the motion for a preliminary injunction (Doc. 25) be DENIED; and

(2) this case be referred to the undersigned for additional proceedings.

It is further

2

ORDERED that **by July 28, 2022**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of July, 2022.

        /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE