IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMANGER LANDALE GILBERT, # 316512 | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 1:22-cv-09-RAH-CSC (WO) |
| JOSEPH H. HEADLEY, *et al.,* | ) ) | |
| Respondents. | ) ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Alabama prisoner Emanger Landale Gilbert is before the court on a petition for writ

of habeas corpus under 28 U.S.C. § 2254 challenging his 2018 convictions for various

controlled substance offenses. Docs. 1 and 13.[1] For the reasons discussed below, the court

recommends that Gilbert's petition be dismissed as time-barred under the federal statute of

limitations, 28 U.S.C. § 2244(d)(1).

### I. BACKGROUND

On September 24, 2018, in the Circuit Court of Houston County, Gilbert pled guilty

to two counts of trafficking in cocaine, in violation of Ala. Code § 13A-12-231; chemical

endangerment of a child, in violation of Ala. Code § 25-15-3.2; and second-degree

possession of marijuana, in violation of Ala. Code § 13A-12-214. Doc. 19-5. That same

---

[1] References to documents in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on copies submitted for filing.

day, the trial court sentenced Gilbert as a habitual offender to concurrent terms of life in prison for trafficking, 10 years in prison for chemical endangerment, and one year for marijuana possession. Docs. 19-6 through 19-9. Gilbert did not appeal.

On September 10, 2021, Gilbert filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[1] Doc. 19-10. Through counsel, Gilbert also filed a supplement to the Rule 32 petition. Doc. 19-11. In his Rule 32 petition, as supplemented, Gilbert argued that one of his prior convictions was erroneously used to enhance his sentence as a habitual offender. Doc. 19-11. On September 21, 2021, the trial court entered an order summarily dismissing Gilbert's Rule 32 petition. Doc. 19-13. On November 12, 2021, fifty-two days after the trial court's dismissal, Gilbert filed a notice of appeal. Doc. 19-14. On December 10, 2021, the Alabama Court of Criminal Appeals issued an order for Gilbert to show cause why his appeal should not be dismissed as untimely filed. Doc. 19-15. On December 30, 2021, the Alabama Court of Criminal Appeals dismissed Gilbert's appeal as untimely and issued a certificate of judgment. Docs. 19-16 and 19-17.

Gilbert initiated this action on November 20, 2021, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern

---

[1] Gilbert's Rule 32 petition was date-stamped by the state court clerk as "Filed" on September 20, 2021. Doc. 19-10 at 1. However, under the prison mailbox rule, this court deems the petition to have been filed on September 10, 2021, the date Gilbert represented that he delivered the petition to prison authorities for mailing. Doc. 19-10 at 6. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

District of Alabama.[2] Doc. 1. In early January 2022, that court transferred Gilbert's petition

to this court because he was attacking convictions entered in Houston County. Doc. 6. In

an order entered on January 6, 2022, this court informed Gilbert that the correct vehicle for

him to challenge his state convictions was a petition for writ of habeas corpus under 28

U.S.C. § 2254 and advised him, in compliance with *Castro v. United States*, 540 U.S. 375

(2003), that the court was recharacterizing his petition, i.e., Doc. 1, as a § 2254 petition.

Doc. 8. The *Castro* order directed Gilbert to inform the court whether he sought to (1)

proceed under § 2254 on the claims in Doc. 1; or (2) amend his petition to assert additional

claims under § 2254; or (3) withdraw his petition. Doc. 8 at 2. On January 20, 2022, in

apparent response to the court's *Castro* order, Gilbert filed an amendment to his § 2254

petition. Doc. 13.

    In his § 2254 petition, as amended, Gilbert asserts claims that (1) his guilty plea was

involuntary for various reasons; (2) his sentences violated the prohibition against double

jeopardy (3) the trial court lacked jurisdiction to adjudge him guilty of trafficking because

there was no complaint to support the arrest warrant; (4) the trial court lacked jurisdiction

to adjudge him guilty of the remaining offenses because "there was not an indictment or

complaint and arrest warrant" in those cases; (5) the trial court committed "fraud" during

---

[2] Gilbert's habeas petition was date-stamped as received by the Court Clerk on November 30, 2021. Doc. 1 at 1. However, under the prison mailbox rule, this court deems the petition to have been filed on November 20, 2021, the date Gilbert represents that he delivered the petition to prison authorities for mailing. Doc. 1 at 8.

the plea negotiation process; and (6) he received ineffective assistance of counsel. Doc. 1 at 6–7; Doc. 13 at 8–17.

Respondents contend that Gilbert's § 2254 petition is time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).[3] Doc. 19 at 4–6. The court agrees.

## II. DISCUSSION

### A. AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] Respondents also argue that Gilbert's claims are unexhausted and procedurally defaulted because they were not raised in state court and subjected to a complete round of appellate. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See* Doc. 19 at 7–9. Because Gilbert's petition is time-barred, the court pretermits discussion of his apparent procedural default.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.       Computation of Timeliness

### 1.       *Limitation Period Under § 2244(d)(1)(A)*

Usually, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by conclusion of direct review or expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *see Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Where an Alabama defendant does not appeal his conviction, his judgment of conviction becomes final, and AEDPA's statute of limitations begins to run, 42 days after sentencing—the time allowed by Ala. R. App. P. 4(b)(1) to file a notice of appeal. *See Bridges v. Johnson*, 284 F. 3d 1201, 1202 (11th Cir. 2002) (for purposes of AEDPA's one-year limitation period, the defendant's convictions became final on the date his right to appeal expired where he did not seek a direct appeal).

Here, the final day upon which Gilbert could have filed a notice of appeal on direct review was November 5, 2018, i.e., 42 days after his September 24, 2018 sentencing. Therefore, absent some effective tolling event, Gilbert had until November 5, 2019 to file a timely petition under § 2254.

### 2.       *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year statute of limitations is tolled during the pendency of a properly filed state court post-conviction petition. *See* 28 U.S.C.

§ 2244(d)(2). Although Gilbert filed a Rule 32 petition in the trial court on September 10, 2021, that petition had no tolling effect under § 2244(d)(2), because AEDPA's limitation period expired on November 5, 2019—well before the Rule 32 petition was filed. "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "[O]nce a deadline has expired, there is nothing left to toll." *Id*.; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Gilbert receives no tolling benefit under § 2244(d)(2).

Nor does Gilbert set forth facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); i.e., he does not show that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. The court therefore is unaware of any basis to apply statutory tolling.

For Gilbert, AEDPA's statute of limitations expired on November 5, 2019. Gilbert filed his § 2254 petition on November 20, 2021—making it untimely under the statute by around two years.

### 3.    *Equitable Tolling*

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik*

6

*v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden to establish that equitable tolling is warranted falls upon the petitioner. *Hunter*, 587 F.3d at 1308. Although afforded an opportunity to do so, Gilbert makes no argument that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitations period in his case. Therefore, his petition is subject to dismissal for untimeliness, and his claims are not subject to federal habeas review.

### 4.    *Actual Innocence*

Notwithstanding AEDPA's one-year statute of limitations, it has been recognized that the untimeliness of a habeas petition can be overcome—thereby opening the door to review—through a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency."

*Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162

(2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not

legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an
> innocent person is extremely rare. . . . To be credible, such a claim requires
> petitioner to support his allegations of constitutional error with new reliable
> evidence—whether it be exculpatory scientific evidence, trustworthy
> eyewitness accounts, or critical physical evidence—that was not presented at
> trial. Because such evidence is obviously unavailable in the vast majority of
> cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Gilbert points to no new reliable evidence, as required by *Schlup*, to support

a claim of actual innocence. Instead, he asserts only that he is "truly innocent of these

criminal acts for which he was unlawfully convicted." Doc. 13 at 6–7. He points to no facts

supporting this assertion. Gilbert's vague, unsupported assertion fails to satisfy the rigorous

standard for a colorable claim of actual innocence articulated in *Schlup*. Consequently, the

claims in his time-barred § 2254 petition are subject to no further review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)  Gilbert's 28 U.S.C. § 2254 petition be DENIED as time-barred under 28 U.S.C.

§ 2244(d)(1)(A) and that this case be DISMISSED with prejudice; and

(2)  Gilbert's pending motions in this action, Doc. 60 ("Motion to Prohibit

Magistrate Judge's Response and Recommendation…") and Doc. 61 ("Motion for Order

of Contempt…"), be DENIED.

It is ORDERED that, by **November 3, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of October 2023.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE